**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY PEOPLES, :<br>:<br>Petitioner, :<br>:<br>v. :<br>:<br>RONALD CATHEL, et al., :<br>:<br>Respondents. : | Civil No. 05-5916 (JBS)<br><br>O P I N I O N |

**APPEARANCES:**

Anthony Peoples, <u>Pro</u> <u>Se</u>
New Jersey State Prison
#304892/137935B
P.O. Box 861
Trenton, NJ 08625

Nancy P. Scharff
Assistant Prosecutor
Camden County Prosecutor's Office
25 North Fifth Street
Camden, NJ 08102
Attorney for Respondents

**SIMANDLE, District Judge**

This matter is before the Court on Petitioner's Motion for Reconsideration of the Court's Order of November 21, 2006, entered on November 27, 2006, in which the Court denied Petitioner's habeas corpus petition. The respondents have not opposed the motion. The Court has considered the motion pursuant to Fed. R. Civ. P. 78, and will deny it on the merits.

**BACKGROUND**

A Camden County Grand Jury indicted Petitioner on nine counts, including: four counts of first-degree robbery, contrary to N.J.S.A. 2C:15-1 (counts one, four, five and six); knowing or purposeful murder, contrary to N.J.S.A. 2C:11-3a(1) or (2) (count two); felony murder, contrary to N.J.S.A. 2C:11-3a(3) (count three); second-degree possession of a weapon for an unlawful purpose, contrary to N.J.S.A. 2C:39-4a (count seven); third-degree unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5b (count eight); and two counts of second-degree possession of a weapon by a previously convicted person, contrary to N.J.S.A., 2C:39-7 (count ten).  Count nine did not pertain to Petitioner.

From July 13 through July 22, 1998, Petitioner was tried by jury in the Superior Court of New Jersey, Law Division, Camden County ("Law Division").  The jury found Petitioner guilty on counts one through eight.  Count ten was dismissed by the State following the jury's guilty verdict.

On September 18, 1998, Petitioner was sentenced to an aggregate sentence of life imprisonment, plus 25 years, with a 45-year parole ineligibility period, pursuant to the "Graves Act," N.J.S.A. 2C:43-6, because of a prior armed robbery conviction.  Petitioner appealed his conviction, and also filed a motion for post-conviction relief in state courts.

Petitioner submitted the instant petition for a writ of habeas corpus, which was filed on December 19, 2005. The respondents filed an Answer and the state court record. This Court, on November 21, 2006, denied the petition. This Court held that the challenges to the jury charges did not demonstrate a constitutional violation, and that other claims by Petitioner did not warrant federal habeas relief, as they were matters of state law. See Peoples v. Cathel, Opinion, Civ. Action No. 05-5916 (JBS).

Petitioner now files this motion for reconsideration, asking the Court to reconsider the denial, and attaching a Traverse for the Court's consideration. Petitioner argues that this Court erroneously denied Petitioner's claim that his rights were violated because the trial court failed to include a charge for a lesser-included offense.

## DISCUSSION

Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.[1]  See 11 Charles A. Wright, Arthur R. Miller &

---

[1] The Federal Rules of Civil Procedure, Rule 59(e), states, "any motion to alter or amend a judgment shall be filed not later than 10 days after the entry of the judgment." In this case, the

Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence). "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998). However, mere disagreement with the district court's decision is inappropriate on a motion for reargument, and should be raised through the appellate process. Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule

---

Court's Order denying habeas relief was entered on November 27, 2006. Petitioner's motion for reconsideration was filed on December 11, 2006. However, the Court finds the motion timely, as it was dated December 4, 2006. See Houston v. Lack, 487 U.S. 266 (1988); Smith v. Evans, 853 F.2d 155 (3d Cir. 1988).

4

59(e)."  <u>Edward H. Bohlin, Co. v. Banning Co., Inc.</u>, 6 F.3d 350, 355 (5th Cir. 1993).

In this case, Petitioner notes that the Court cites the Appellate Division decisions throughout its Opinion.  As stated in its Opinion, the Court must examine the state courts' decisions in making its findings for habeas relief.  The standard of review is clearly set forth in the Court's Opinion, and will not be repeated here.

Additionally, with regard to Petitioner's argument that this Court erroneously denied his claim that the failure of the trial court to administer a charge on a lesser-included offense of manslaughter, Petitioner's arguments should be raised by way of the appellate process, and are not appropriate for reconsideration.  Although Petitioner argues that this Court erred in its ruling, Petitioner does not indicate that this Court overlooked decisions of law or dispositive factual matters in order to warrant reconsideration.

Based on the foregoing, Petitioner has not demonstrated that this Court has based its judgment on "manifest errors of law or fact," as required by Federal Rule of Civil Procedure 59(e).

## **CONCLUSION**

For the reasons set forth above, Petitioner's motion pursuant to Fed. R. Civ. P. 59(e) and Local Civ. R. 7.1(g) for

5

reconsideration of the Court's Order of November 21, 2006 is hereby denied.  An appropriate Order accompanies this Opinion.

                                                  **s/ Jerome B. Simandle**
                                                  JEROME B. SIMANDLE
                                                  United States District Judge

DATED:    **February 26, 2007**